UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leah P.,                                                                          Civ. No. 24-1509 (PAM/LIB)

          Plaintiff,

v.                                                                                **MEMORANDUM AND ORDER**

Martin J. O'Malley, Commissioner of
Social Security Administration,

          Defendant.

---

This matter is before the Court on the parties' cross-Motions for Judgment on the administrative record. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Leah P.[1] filed a Title II application for disability insurance benefits on July 19, 2021. (Admin. R. (Docket No. 7) at 18.) In her application, Plaintiff alleges that she became disabled on March 1, 2020, as a result of a learning disability, attention deficient disorder, depression, anxiety, bipolar disorder, borderline personality disorder, a history of suicidal thoughts, a neck injury, a lumbar spine injury, sciatica, arthritis, and a left-knee injury. (Id. at 206-10, 233.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Pt. 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears

the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. R. at 125, 147.)  In March 2023, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. (Id. at 18.)  Plaintiff testified and was represented by an attorney at this hearing. (Id. at 40-77.)  Thereafter, the ALJ issued her written decision. (Id. at 18-33.)

The ALJ determined that Plaintiff had several severe impairments:  major depressive disorder, generalized anxiety disorder, bipolar disorder, borderline personality disorder, attention deficit disorder, substance use disorder, degenerative disc disease of the lumbar spine, osteoarthritis of the left knee and bilateral hips, and vertigo. (Id. at 21.)  The ALJ found that the severity of claimant's impairments, including her substance use, met the criteria for severe impairments. (Id. at 21-22.)  However, the ALJ further determined that if Plaintiff ceased using substances, then the combination of impairments would not meet or medically equal a medical listing. (Id. at 22-23.)  Further, the ALJ next determined that if Plaintiff were to stop the substance use, she would have the capacity for light work

3

with some limitations, including that she: only occasionally climb ramps and stairs or stoop, kneel crouch, or crawl; never climb ladders, ropes, or scaffold; and avoid dangerous workplace hazards, such as unprotected heights or dangerous machinery. (Id. at 25.) Additionally, the ALJ concluded that plaintiff could: have occasional interaction with coworkers, supervisors, and the public; carry out simple instructions not involving complex decision-making or judgment; tolerate occasional changes in a routine work setting; and not work at a production-rate pace, such as in an assembly line, nor have hourly quota requirements, though she could tolerate daily quotas. (Id. at 25-26.)

After considering testimony from a vocational expert, the ALJ determined that if Plaintiff ceased substance use, she would be able to perform past relevant work as a housekeeper and other jobs that exist in sufficient numbers in the national economy. (Id. at 31-33.) Therefore, the ALJ concluded that Plaintiff's "substance use disorder is a contributing factor material to the determination of disability because [Plaintiff] would not be disabled if she stopped the substance use." (Id. at 33.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quotation omitted). It is "such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

The Social Security Administration denies applications for disability benefits if substance use is "material" contributing factor to a claimant's disability. See 42 U.S.C. § 423(d)(2)(C). If a claimant would remain disabled if he or she ceased using drugs and alcohol, the substance use is a "material" factor. See 20 C.F.R. §§ 416.935(b); 404.1535(b). In other words, the inquiry hinges on whether a claimant's impairments would be disabling in the absence of the claimant's substance abuse. Rehder v. Apfel, 205 F.3d 1056, 1060 (8th Cir. 2000).

Plaintiff disputes the ALJ's determination regarding her social limitations in the RFC. (Pl.'s Br. (Docket No. 9) at 4.) The state agency psychological consultants, Ellen Rozenfeld, Psy.D., and Mary Sullivan, Ph.D., opined that Plaintiff "would benefit from a work environment in which frequent social interactions with others, including coworkers and the public, is not a primary job requirement and incidental to the work performed." (Admin. R. at 31, 122, 133.) In the RFC, the ALJ concluded that Plaintiff could tolerate "occasional interaction with coworkers, supervisors, and the general public." (Id. at 25-26.) Thus, Plaintiff claims that the ALJ erred in failing to account for the social limitation

that Drs. Rozenfeld and Sullivan found, because the ALJ determined that their administrate medical findings were partially persuasive.

Plaintiff's argument is imprecise, because the review conducted by the ALJ and that conducted by the doctors materially differ. Although the ALJ concluded that all of Plaintiff's impairments—including her substance use disorder—were disabling, the ALJ was further required to consider whether Plaintiff would be disabled if she stopped using substances. 42 U.S.C. § 423(d)(2)(C). Drs. Rozenfeld and Sullivan only considered whether Plaintiff was disabled in light of her substance use. On that basis alone, Plaintiff's argument is without merit.

Even if the state agency consultants conducted a comparable review to that of the ALJ, Plaintiff fails to prove that the ALJ's decision was not supported by substantial evidence. Plaintiff argues that the ALJ erred in determining that her RFC allowed for occasional contact with supervisors, coworkers, and the public, rather than "incidental contact" with those individuals; but Plaintiff repeatedly misquotes Drs. Rozenfeld and Sullivan because neither used the phrase "incidental contact" in her medical opinion. (See Pl.'s Br. at 7, 8; Pl.'s Rep. Br. at 2, 3.) Rather, Drs. Rozenfeld and Sullivan found that Plaintiff "would benefit from a work environment in which frequent social interaction with others . . . is not a primary job requirement and incidental to the work performed." (Admin. R. at 122, 233.) Although Plaintiff makes much of the definitions of "incidental" and "occasional", suggesting that the Court should follow the reasoning in Laura A. G. v. Kijakazi, Civ. No. 22-1228, 2023 WL 5312057, at *6-8 (D. Minn. June 20, 2023) (Wright, M.J.), report and recommendation adopted, 2023 WL 5311511 (D. Minn. Aug. 17, 2023),

6

she fails to provide a meaningful distinction between the accurate excerpt from the medical opinions and the ALJ's conclusion that she can occasionally interact with others. (Pl.'s Br. at 7, 8; Pl.'s Rep. Br. at 5-6.) Plaintiff provides no reason for the Court to determine that the ALJ erred.

The ALJ need not accept a medical opinion verbatim. See Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022); 20 C.F.R. § 416.920c(b)(2) (an ALJ does not need to explain every reason for adopting or rejecting a finding or incorporating an entire medical-source opinion into the RFC). Indeed, "[t]he ALJ was not required to adopt the exact limitations set forth in the opinions she found persuasive, and substantial evidence supported the RFC findings regarding [Plaintiff]'s abilities to interact with others in the workplace." Wyatt v. Kijakazi, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023). The ALJ must synthesize "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations" to establish the claimant's maximum capability for work. Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting Hensley v. Colvin, 829 F.3d 926, 931-32 (8th Cir. 2016)); see 20 C.F.R. § 404.1545(a)(1). Substantial evidence in the record supports the Commissioner's decision to deny benefits here.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 9) is **DENIED**;

2. Defendant's Motion for Judgment (Docket No. 14) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 10, 2024                              *s/Paul A. Magnuson*
                                                       Paul A. Magnuson
                                                       United States District Court Judge